1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

_____ )
DIANA WIERZCHOS,                  )
                                  )
               Plaintiff,         )
                                  )
        v.                        )
                                  )
ANTHONY MENDEZ, *et al.*,         )
                                  )
               Defendants.        )
_____ )

Case No. C21-1430RSL

ORDER TO SHOW CAUSE

13       On October 26, 2021, plaintiff's complaint in the above-captioned matter was accepted

14  for filing, and plaintiff filed a motion for appointment of counsel. Plaintiff alleges that she was

15  forced to work for no pay at a Swarovski jewelry store in Palm Beach, Florida, in 2014. She

16  asserts federal claims regarding debt bondage, peonage, and/or involuntary servitude and seeks

17  to recover her back wages, expenses, and benefits. There is no indication that either defendant

18  resides in or has any connection with Washington.

19       Pursuant to 28 U.S.C. § 1391(b), civil actions in federal court may be brought, with

20  limited exceptions, only in the judicial district where defendants reside or in a judicial district in

21  which a substantial part of the events giving rise to the claim occurred. Because this action

22  apparently involves defendants who reside outside of Washington and involves conduct which

23  occurred in Florida, venue does not lie in this judicial district. Plaintiff is therefore ORDERED

24  TO SHOW CAUSE why the above-captioned matter should not be dismissed for improper

25  venue under 28 U.S.C. § 1406(a). Plaintiff shall file her response on or before December 8,

26  2021. The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar

ORDER TO SHOW CAUSE

1  for Friday, December 10, 2021.

2      Turning to plaintiff's motion for appointment of counsel (Dkt. # 6), a person generally

3  has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.

4  1981).

5      However, a court may under "exceptional circumstances" appoint counsel for
   indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs.*
6  *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether
   "exceptional circumstances" exist, a court must consider "the likelihood of success
7  on the merits as well as the ability of the petitioner to articulate his claims pro se in
   light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d
8  952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead
   must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
9  1986).

10

11 *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, the party seeking appointment

12 of counsel must show indigency.

13     Given the information provided in the complaint, it appears that plaintiff's claims cannot

14 succeed in this district. Even if the Court presumes that a statement of the law of peonage, debt

15 bondage, and/or involuntary servitude is beyond plaintiff's *pro se* capabilities, the residence of

16 the parties and the location of the alleged wrongs are within her ability to articulate and appear

17 to be dispositive. In addition, plaintiff has failed to provide any information regarding her

18 finances that could support a finding of indigency. Plaintiff has not shown the sort of exceptional

19 circumstances that justify appointment of counsel at the public's expense. Dkt. # 6 is, therefore,

20 DENIED.

21

22     Dated this 17th day of November, 2021.

23     Robert S. Lasnik
       United States District Judge
24

25

26

ORDER TO SHOW CAUSE                    -2-